PATRICK J. WHELAN, Respondent, v. THE ANSONIA CLOCK COMPANY, Appellant.

*Contract for services — when the relation of master and servant exists — when the latter may recover for work performed on articles destroyed without his fault.*

The plaintiff was employed by the defendant to finish clock cases belonging to it. The work was to be performed upon the defendant's premises, and was to be inspected and accepted before being paid for. Neither the time during which the agreement was to run nor the amount of work to be performed under it was fixed. While the work was in its usual condition, some cases being finished, but not accepted, and some unfinished, the premises and the clock cases therein were destroyed by fire, without any fault of the plaintiff.
*Held,* that the relation existing between the plaintiff and defendant was that of master and servant; and that the plaintiff was entitled to recover the value of the work he had performed upon the clock cases destroyed by the fire.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The plaintiff had made an agreement with the defendant to varnish clock cases for it at a certain fixed price for each case varnished, the price varying according to the style of case. This work was done in rooms in the defendant's factory, upon clock cases furnished by defendant, but by men employed by the plaintiff on his own account. The work to be done by plaintiff was to be examined by defendant and pronounced to have been satisfactorily done before it was to be accepted or paid for.

In November, 1880, defendant's factory was entirely destroyed by fire.

This suit was brought to recover the sum of $2,479.55 for work alleged to have been done under this contract, but which was destroyed by the fire.

*Marshall P. Stafford*, for the appellant.

*A. H. Dailey*, for the respondent.

BARNARD, P. J.:

The title to the property upon which the plaintiff performed the labor he claims to recover for was always in the defendant. The cases were furnished to plaintiff to varnish at certain fixed prices. The work was done upon the defendant's premises. The work was to be inspected and accepted before payment. While the work was in its usual condition, some finished and unaccepted and some unfinished, the premises burned down without any fault of plaintiff. The contract between plaintiff and defendant had no fixed time to run, and required no definite amount of work to be completed under it. Either party could terminate it at will. The cases are conflicting. The distinction between master and servant and independent contractors is sometimes very uncertain. An examination of the cases leads me to the conclusion in this case that the relation of master and servant existed; that the servant's compensation depended upon his completion of the work, but if the thing upon which the work is to be done is destroyed before completion, and while it is in defendant's possession, such destruction excuses further performance and the plaintiff is entitled to recover for the proportionate value of the work done. The payment by the piece

was only a mode of determining the price of the servant's wages. The servant was ready to perform, but it was upon the condition that the defendant should furnish work and the place in which to perform it. He should not be deprived of the value of his work, under the circumstances of this case, because the premises were destroyed by fire, including the unfinished work.

Judgment affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.